IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK JORDAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 04-775-WDS** |
| ) | |
| **STEVE KEIM, EUGENE McADORY,** ) | |
| **BARBARA MUELLER, SHERRY HILE,** ) | |
| **JACKIE MILLER and JOHN DOE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered. Therefore, his motion for additional time to pay that fee (Doc. 8) is **MOOT**.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

### COUNT 1

Plaintiff states that since January 2001, he has been a practitioner of the Hebrew Israelite faith. On January 29, 2003, pursuant to I.D.O.C. regulations, he filed a request with Defendant Keim to be allowed to participate in the Feast of Unleavened Bread, beginning on April 17, 2003. On April 16, Plaintiff learned that his name was not on the list of those approved to participate in the Feast. He filed an emergency grievance with Defendant McAdory, who deemed the situation not an emergency and thus required Plaintiff to proceed through the regular grievance process. That grievance was subsequently denied by Barbara Mueller on April 28, 2003, and then again on September 11, 2003, by Sherry Hile. Plaintiff claims that Defendants violated his First Amendment rights by failing to approve him for participation in the Feast, as he complied with the Department procedures for filing his request.

The law is clear that a prisoner retains his or her First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably related to legitimate penological objectives. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999). It is also well-settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990)(citing cases). However, a prisoner's right to freely exercise his religious beliefs does not depend upon his ability to pursue each and every aspect of the practice of his religion. *See O'Lone*,

482 U.S. at 352; *Hunafa*, 907 F.2d at 48. *See also Hadi v. Horn*, 830 F.2d 779, 784, 787-88 (7th Cir. 1987) (occasional and sporadic cancellation of religious services, where other opportunities for religious observance were provided, did not unreasonably impinge on inmates' First Amendment rights); *Al-Alamin v. Gramley*, 926 F.2d 680, 688-89 (7th Cir. 1991).

The regulation in question provides:

> A committed person requesting a dietary modification required by a specific religious holiday or ceremony must submit a written request to the facility chaplain 45 calendar days before the holiday or ceremony. The request must contain verification that the committed person is a member of a faith group requiring the dietary modification and the specific requirements of the dietary modification. Eligibility to receive an alternative diet for a specific religious holiday or ceremony shall be determined by the facility chaplain who shall ordinarily confer with a religious leader or faith representative of the faith group at issue. The facility chaplain and religious leader or faith representative may interview the committed person.

20 Ill. Admin. Code § 425.70(d).

Attached to the complaint are several exhibits; Exhibit A is a carbon-copy of a note addressed to Keim, dated January 29, 2003, and signed by Plaintiff. The note is captioned "Re: Religious observance" and consists of the following statement: "I request to be able to observe the upcoming Feast Days, the Passover and the Feast of Unleavened Bread, receiving the appropriate trays for the Feast of Unleavened Bread." This request clearly does not meet the requirements of the Department rule – it makes no reference to any specific faith group, it does not contain any statement averring that Plaintiff is a practitioner of any faith that might observe these religious feast days, and it does not specify the required dietary modifications for this specific religious observance.

Because Plaintiff's request does not even marginally comply with the Department's

regulation, his constitutional rights were not violated when Keim did not include his name on the list of those approved to participate in the Feast. It follows that, if Keim's actions were not violative of the First Amendment, neither were the actions of McAdory, Mueller or Hile in denying Plaintiff's grievances over this matter.

Therefore, Plaintiff has not presented a viable constitutional claim regarding Defendants' failure to provide him with a special religious diet in April 2003, and Count 1 is dismissed from this action with prejudice.

**COUNT 2**

Plaintiff's second claim also involves participation in the Feast of Unleavened Bread. In this claim, he alleges that for three years in a row, he was not allowed to participate in the Feast, even though he claims to have filed a timely request each year in compliance with the Department rule. Therefore, he claims that Keim, who is Jewish, has intentionally discriminated against Plaintiff because he follows the Hebrew Israelite faith.

The events leading up to the 2003 Feast have already been discussed above in Count 1; it is clear that the 2003 request, although timely, did not comport with the Department's rule. As for 2002, Plaintiff states that he filed his request on February 11, which was exactly 45 days prior to the commencement of the Feast, which he alleges began on March 28. Keim's interpretation, as indicated in Exhibit E, a Memorandum dated July 26, 2002, from Mavis Gross, was that Plaintiff's request needed to be filed on or before February 10, as Passover began on March 27.

In 2001, Plaintiff's request (Exhibit F) is dated February 19, and it states, "In accordance with D.R. 425.70(d), I am requesting to be placed on the list to participate in the Feast of Unleaven Bread. I am a Hebrew Israelite." Again, similar to his 2003 request, this brief note does not comply

with the Department regulation, as it does not specify the required dietary modifications for this specific religious observance.

Standing alone, any one of these incidents would not present a viable claim. However, when put together as a series of events, it is possible to infer religious discrimination. Therefore, the Court is unable to dismiss Count 2 against Keim at this point in the litigation. *See* 28 U.S.C. § 1915A.

**COUNT 3**

In his final claim, Plaintiff states that on May 9, 2003, he filed a change of religious affiliation. In the Department records, he was listed as "African Hebrew Israelite," which he wished to be changed to "Hebrew Israelite." He states that these similar-sounding faiths are actually different religions, and that "Black Hebrew Israelite" is also a separate faith. Keim denied that request, and his grievance over this matter was denied at each step in turn by John Doe and Jackie Miller. By denying his request to change his religious affiliation, Plaintiff asserts that these Defendants violated his rights under the First Amendment.

Plaintiff does not make any allegations of how his right to practice his religion has been impeded by Defendants' failure to change one word regarding his religious affiliation. Although he states that these faiths are different, he does not allege that he has been denied the opportunity to follow his chosen faith, Hebrew Israelite, simply due to the incorrect designation of African Hebrew Israelite in his records. Therefore, he has failed to state a claim upon which relief may be granted, and Count 3 is dismissed from this action with prejudice.

**MOTION FOR APPOINTMENT OF COUNSEL (DOC. 5)**

There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). In ruling on a request to

appoint counsel, a district court must consider five factors: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the Complaint.  *See Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983), *cert. denied*, 464 U.S. 986 (1983); *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982); *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981); *Wilson v. Duckworth*, 716 F.2d 415 (7th Cir. 1983).

Applying these standards to the instant case, the Court finds that appointment of counsel is not warranted.  Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **COUNT 1** and **COUNT 3** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **McADORY, MUELLER, HILE, DOE** and **MILLER** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **KEIM**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **KEIM** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time

under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for

consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: August 3, 2005**

                                          **s/ WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**